Matthew J. Jasen, J.
This is a motion by the defendant 4548 Main St. Inc., to vacate a notice of examination before trial upon the ground that the notice of examination fails to comply with subdivision 3 of section 290 of the Civil Practice Act in that it seeks to examine the defendant corporation through an improper person, an architect.
By the notice of examination served upon the defendant corporation, plaintiff seeks to examine the defendant itself, through its president and an architect, who is alleged to be an agent and employee of the corporation. It appears to the court that the architect sought to be examined is an independent contractor and in no sense an agent or employee of the corporation. Therefore, his testimony cannot be taken as the testimony of the defendant corporation so as to bind the defendant corporation. (Masciarelli v. Delaware S Hudson R. R. Co., 178 Misc. 458.)
The plaintiff seeks to justify examination on the ground that section 288 of the Civil Practice Act permits the examination of a witness when special circumstances render it proper that his deposition should be taken. This is true and if plaintiff wishes to examine the architect as a witness, he should do *782 so rather than as the agent and employee of a party. (See Kenmiore Estates v. Montrose Ind. Bank, 56 N. Y. S. 2d 621.)
The motion is granted insofar as it seeks to examine the defendant corporation through George Pearlman, an architect, and is denied with respect to the examination sought of the defendant corporation’s president, Edmond Karnofsky.